YEATMAN (McDERMOTT v.). See Case No. 8,749.

## Case No. 18,133.

In re YEATON.

[1 Lowell, 420.] [1]

District Court, D. Massachusetts. Feb., 1870.

MORTGAGE FOR RENT—BANKRUPTCY OF LESSEE—EFFECT.

1. The lessor of a shop took a mortgage on the fixtures as security for the rent and the performance of the covenants of the lease. The lessee was to pay a certain rent monthly, and taxes. The lease provided that it should terminate if the lessee should be declared bankrupt, or any assignment of his property should be made for the benefit of creditors, unless within ten days from the date of the petition or assignment some sufficient person should become surety for the rent. The lessee became bankrupt November 1, 1869, an assignee was chosen November 23, and the keys were returned to the lessor January 1. 1870. *Held*, the mortgage was a valid security for the rent up to January 1.

2. It seems, that an assignee in bankruptcy will not become responsible for rent of a store merely by leaving some goods there mingled with other goods, which were mortgaged to the lessor.

Petition by an assignee in bankruptcy to redeem a mortgage given by the bankrupt. The bankrupt [R. F. Yeaton] took a lease from the respondent of a building on Washington street, in Boston, for five years from

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

the first of April, 1868, at a yearly rent of three thousand five hundred dollars, payable monthly, and the taxes; and simultaneously with the execution of the lease, gave the respondent a mortgage upon the fixtures and some chattels as security for the payment of the rent and the performance of the other covenants of the lease. Among other provisos of the lease was the following: "Or if the lessee shall be declared bankrupt or insolvent according to law, or if any assignment shall be made, or attempted to be made, of his property for the benefit of creditors, and some sufficient person shall not, within ten days from the date of the petition or assignment, become surety for the payment of the rent due and to become due for the premises, then, and in either of said cases, this lease shall terminate by its own limitation, and said lessee, and those claiming under him, shall be considered, to all intents and purposes, as holding possession of the premises unlawfully, so as to entitle said lessor, or those having his estate therein, to any existing or future remedies under the laws of this commonwealth for recovering summary possession thereof." The parties agreed to the following facts: Rent was paid up to September 1, 1869. On the first day of November, 1869, the lessee petitioned to be adjudged a bankrupt; the assignee was chosen on the 23d of November, and the assignment bore date of that day. The taxes for 1869 were assessed before the bankruptcy, and were paid by the lessor, and have not been repaid; and the rent has not been paid since the first of September. On or about the first of January, 1870, the keys were given by the bankrupt to the lessor, and the latter has relet a part of the premises; but upon receiving the keys he notified the assignee in writing that he did not accept a surrender, but should hold the lessee and his estate liable for damages.

C. S. Lincoln, for assignee.
A. A. Ranney, for mortgagee.

LOWELL, District Judge. There is no evidence that the assignee has done any act looking to an acceptance of the premises, excepting that a part of the bankrupt's goods not included in the mortgage remained, and still remain, in the building. This circumstance alone does not prove an acceptance, especially when the keys were sent back to the lessor, which was an unequivocal act of renunciation. See Wheeler v. Bramah, 3 Camp. 340; Hoyt v. Stoddard, 2 Allen, 442. It cannot be contended, therefore, that the assignee is personally bound for the rent; and the question argued now has been, to what extent and for what sum is the mortgage a valid security in the hands of the lessor? He appears to have acted upon the theory that the lessee remains liable on his covenants notwithstanding the bankruptcy. This was the law of England under the older statutes; but it may well be doubted whether by our bankrupt act, which authorizes all demands arising out of contract to be liquidated and proved, the lessor will not be bound by the certificate. I understand that this question is likely to be litigated in some other cases, and as it is not essential to pass upon it here, I merely advert to it. Under this lease and mortgage it would seem that the lessor may hold the chattels to secure the payment of all rent and taxes which were due him when the assignee had elected not to take the term. That election ought to have been made in ten days after the assignment, but was not in fact made until January 1, some weeks later. I say ten days from the assignment, because that is the fair construction of the proviso, which, taken literally, might give only ten days from the petition. It must be assumed that the parties to the lease knew that a petition in bankruptcy may never be followed by an adjudication, or not within ten days, and that even after adjudication there is no one to act for the estate until the assignment, and as the purpose of the proviso is to give an election to continue the lease, and not to forfeit it by relation to a past time, the more liberal construction should be adopted. But even if the lessor might have treated the estate as ended on the 11th of November, he could waive his extreme rights for the benefit of the assignee.

Neither party having acted or made known his election until the first of January, the lessor ought to have his rent up to that day, for he may have expected the assignee to take the lease, as he undoubtedly would have done if he had found a purchaser, or in any way could have made it profitable for the creditors. Assignee to redeem by paying the rent to January 1, 1870, and the taxes for 1869.

———

YEATON (FRY v.). See Case No. 5,142.

YEATON (LYNN v.). See Case No. 8,642.

YEATON (SMEDLEY v.). See Case No. 12,-965.

YEATON (UNITED STATES v.). See Case No. 16,779.